1118

## Jessie WILSON v. STATE.
### No. 17176.

Court of Criminal Appeals of Texas.

Jan. 23, 1935.

B. W. Baker and Fred Whitaker, both of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for aggravated assault; penalty assessed at a fine of $25.

Upon an indictment charging assault with intent to murder, appellant was convicted of aggravated assault.

There is before us no statement of the evidence heard in the trial court. Nothing has been perceived in the record which would authorize a reversal of the conviction.

The judgment is affirmed.

## Walter ZEISIG v. STATE.
### No. 17491.

Court of Criminal Appeals of Texas.

Jan. 30, 1935.

Peden, Johnson & Peden, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We find with the record an affidavit in due form, made by appellant, asking that his appeal be dismissed. The request is granted.

The appeal is dismissed.

## Mrs. J. W. BARTLETT, Plaintiff in Error, v. John GRIFFITH et al., Defendants in Error.
### No. 9483.

Court of Civil Appeals of Texas. San Antonio.

Jan. 16, 1935.

Rehearing Denied Feb. 20, 1935.

Bliss & Daffan, of San Antonio, for plaintiff in error.

Wiseman & Murray, of Floresville, for defendants in error.

BICKETT, Chief Justice.

Mrs. J. W. Bartlett, a feme sole, appellant, brought this suit against Mrs. John Griffith and her husband, W. D. Griffith, and others, appellees, to cancel a deed from appellant to Mrs. Griffith, recorded February 11, 1929, conveying certain land in Dimmit county, Tex. From a judgment, rendered by the district court upon a trial before the court, in favor of the defendants, the plaintiff has appealed.

The contention of appellant is, as in the trial court, that there was no valid delivery of the deed. The deed was turned over by appellant's attorney to the Griffiths' attorney, and by the latter to the Griffiths. The evidence is conflicting as to the contingency stipulated upon which the Griffiths' attorney was to deliver the deed to them, that is, as to whether the Griffiths were to execute a transfer to Mrs. Bartlett of a judgment held by them against Adolph Lorenz, Mrs. Bartlett's son-in-law, or whether the Griffiths were to allow a credit and execute a partial release of the judgment. The district court, upon ample evidence, resolved the issue in favor of appellees.

The judgment of the district court is therefore affirmed.